## CONTINUATION

I, Mark A. Hudson, Jr., declare the following under penalty of perjury:

**INTRODUCTION, AGENT BACKGROUND, AND PURPOSE OF THE WARRANT**

1. The facts of this case, as more fully detailed below, reveal that Guillermo ROCHA-Alonzo, a native and citizen of Mexico, was previously removed from the United States, and later reentered the United States without permission in 2023, the exact date currently unknown, through El Paso, Texas.

2. I am familiar with the information contained in this continuation based upon the investigation I have conducted and based on information provided to me by United States Border Patrol Agent (BPA) Zachary S. Eitrem, as well as other law enforcement officers. The facts in this continuation come from my personal observations, training, experience, and information obtained from other agents and witnesses. I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause.

3. Title 8, United States Code, Section 1326(a) criminalizes an alien's reentry into the United States after a prior removal without first obtaining permission from proper authorities. The elements of the offense are that: (1) the person is an alien; (2) the person was removed from the United States; (3) the person is thereafter found in the United States; and (4) the person did not obtain permission from the Attorney General or the Secretary of Homeland Security to reapply for admission. The offense is punishable by up to two years in prison. 8 U.S.C. § 1326(a).

4.     I am a United States Border Patrol Agent (BPA) with the United States Department of Homeland Security, United States Border Patrol. I have been employed in this capacity since 2011. Currently, I am assigned to the Sault Ste. Marie Border Patrol Station. As part of my duties as a Border Patrol Agent, I am authorized to investigate violations of laws of the United States, including violations pertaining to the reentry of removed aliens, in violation of 8 U.S.C. § 1326(a). I graduated from the Federal Law Enforcement Training Center's (FLETC) Training Program, where I was trained in immigration law.

5.     This continuation contains information necessary to support a finding of probable cause to charge ROCHA-Alonzo with a violation of 8 U.S.C. § 1326(a) because he was found in Petoskey, within the Western District of Michigan, after having reentered the United States without the permission of appropriate authorities.

6.     The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol Agents and records checks of law enforcement databases. I have reviewed the official immigration file relating to ROCHA-Alonzo, which attests to the following.

### FACTS ESTABLISHING PROBABLE CAUSE

7.     ROCHA-Alonzo is a citizen of Mexico.

8.     On March 18, 2004, ROCHA-Alonzo was encountered in the United States near El Paso, Texas and received a Voluntary Return to Mexico through the Paso Del Norte Bridge.

9.     On March 20, 2004, ROCHA-Alonzo was encountered in the United States

near Fabens, Texas and received a Voluntary Return to Mexico through the Fabens Port of Entry.

10. On March 21, 2004, ROCHA-Alonzo was encountered in the United States near Fabens, Texas and received a Voluntary Return to Mexico through the Fabens Port of Entry.

11. On March 22, 2004, ROCHA-Alonzo was encountered in the United States near Fabens, Texas and received a Voluntary Return to Mexico through the Fabens Port of Entry.

12. On March 22, 2004, ROCHA-Alonzo was encountered on the same day in the United States near Fabens, Texas and received a Voluntary Return to Mexico through the Fabens Port of Entry.

13. On November 27, 2010, Enforcement and Removal Operations (ERO), while conducting routine Criminal Alien Program (CAP) Operations, was notified that ROCHA-Alonzo was lodged at the Kent County Jail. ROCHA-Alonzo was arrested in Grand Rapids, Michigan for Possession of Marijuana.

14. On November 29, 2010, ROCHA-Alonzo was served a WA/NTA (Warrant of Arrest/Notice to Appear).

15. On December 9, 2010, ROCHA-Alonzo was convicted of Marijuana – Possession out of the 61st District Court in Grand Rapids, MI. Immigration records show the disposition as 24 days confined to jail.

16. On December 20, 2010, ROCHA-Alonzo requested a stipulated removal from the United States. On December 21, 2010, ROCHA-Alonzo was served with a

stipulated removal from the United States

17. On January 11, 2011, an Immigration Judge issued a final order of removal ordering ROCHA-Alonzo's removal from the United States.

18. On January 18, 2011, ROCHA-Alonzo departed the United States to Mexico from Laredo, Texas with a 10-year ban on reentering or reapplying for admission to the United States.

19. On March 16, 2025, Harbor Springs Police Department (HSPD) requested assistance in identifying four individuals they had on a traffic stop in or around Petoskey, Michigan, on a 2007 Cadillac Escalade bearing Michigan plate DF81898. All four individuals presented El Salvadorian identifications and only spoke in the Spanish language. Records checks through Department of Homeland Security, Detroit Sector Dispatch, revealed that all four individuals had negative returns indicating there was no prior immigration history, valid visas, or authorizations to be in the United States. HSPD lodged the driver of the vehicle for driving without a license. HSPD released the remaining three due to no U.S. Border Patrol agents in the area.

20. Shortly thereafter, U.S. Border Patrol Agents Wienckowski and Fortin responded to the area and located the Cadillac Escalade. BPA Fortin activated his emergency equipment and initiated a vehicle stop on the Escalade containing five passengers. The front seat passenger was identified as ROCHA-Alonzo. ROCHA-Alonzo advised he was a Mexican Citizen without identification and legally present in the United States. ROCHA-Alonso provided his name and date of birth, which the agents ran through records checks. Records revealed ROCHA-Alonzo was issued a Final

Order of Removal in 2011. BPA Ohlau arrived on scene and ROCHA-Alonso freely admitted he was illegally present in the United States at this time, having been removed in 2011 and having not obtained the permission of appropriate authorities to return. ROCHA-Alonzo was placed under arrest and transported to the Sault Ste. Marie, MI Border Patrol Station for further processing.

21. ROCHA-Alonzo was fingerprinted and photographed, and these were entered in the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). The results confirmed the identity of Guillermo ROCHA-Alonzo and that he is a citizen of Mexico who has been previously removed from the United States. The record checks did not provide any evidence that ROCHA-Alonzo legally entered the United States or had been issued any legal immigration document authorizing him to legally enter or remain in the United States. ROCHA-Alonzo received a Reinstatement of his Prior Order of Removal with another 10-year entry ban.

22. While at the Sault Ste. Marie Border Patrol Station, ROCHA-Alonzo was issued and read his rights on Form I-214. ROCHA-Alonzo advised he understood his rights and was willing to talk without a lawyer present. ROCHA-Alonzo admitted he had reentered the United States illegally by walking across the border in El Paso, Texas in approximately 2023.

23. In addition to ROCHA-Alonzo's admission, I reviewed the digital immigration file for ROCHA-Alonzo and ran several queries in U.S. Border Patrol computer databases that confirmed no record exists of ROCHA-Alonzo obtaining the

express permission from the Attorney General or the Secretary of the Department of Homeland Security to reenter the United States following his last removal.

## CONCLUSION

24. Based on my training and experience as a Border Patrol Agent and the information contained in this continuation, there is probable cause to believe that Guillermo ROCHA-Alonzo reentered the United States after removal without the permission of the Attorney General or Secretary of Homeland Security, in violation of 8 U.S.C. § 1326(a).